United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40549
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL GUTIERREZ-NIETO,
also known as Daniel Gutierrez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-14-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Daniel Gutierrez-Nieto ("Gutierrez") appeals the 40-month
sentence imposed following his guilty-plea conviction for illegal
reentry into the United States following deportation.  He argues,
for the first time on appeal, that the district court erred in
sentencing him under a mandatory guideline scheme, citing United
States v. Booker, 125 S. Ct. 738 (2005).

Gutierrez asserts that the district court's application of
the guidelines as mandatory is a "structural error" that is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"insusceptible" of harmless error analysis. Alternatively, he asserts that the error should be presumed prejudicial. Gutierrez's arguments have been rejected by this court in United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). The district court committed error that is plain when it sentenced Gutierrez under a mandatory guideline scheme. See id. at 733; Martinez-Lugo, 411 F.3d at 600. Gutierrez, however, fails to meet his burden of showing that the district court's error affected his substantial rights. See Valenzuela-Quevedo, 407 F.3d at 733-34; United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005)(No. 05-5535).

As he concedes, Gutierrez's argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, Gutierrez's sentence is AFFIRMED.